# EXHIBIT A

23-006788-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/26/2023 11:21 AM Carla Keefe

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THOMASENIA WESTON, an individual,

    Plaintiff,

vs.

SPIRIT AIRLINES, INC., A Foreign Corporation,

    Defendant.

Case No. 23-    -NO

HON.

---

BRIAN E. MUAWAD (P41209)
Law Offices of Brian E. Muawad, P.C.
Attorney for Plaintiff
22330 Greater Mack
St. Clair Shores, MI 48080
(586) 778-8570; Fax: (586) 778-6633
muawadpcscs@sbcglobal.net

---

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

/s/ Brian E. Muawad
Brian E. Muawad

NOW COMES the Plaintiff, by and through her attorney, BRIAN E. MUAWAD and complaining against the above-named Defendant, states as follows:

### COUNT I - GENERAL AVERMENTS

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, is an entity which regularly conducts business or owns property in the County of Wayne and State of Michigan, and/or which is otherwise authorized to do

1

business in the County of Wayne in the State of Michigan, and allows passengers to board and conduct business wherein the cause of action complained of arose.

3. The incident complained of herein occurred on the Defendant's airlines, at the address indicated herein, in the County of Wayne, State of Michigan on or about July 29, 2021.

4. On the time and date aforesaid, the Plaintiff was an invitee of Defendant's airlines and was injured on the Defendant's plane when Plaintiff boarded the airlines when on July 29, 2023 she boarded a flight to Las Vegas. As a restult Plaintiff had to wait on the landing strip as they were waiting for another plane to exit the gate. As Plaitniff walked to the front of the plane, the plance jarred and Plaintiff was injured by a sliver sharp metal object on the plane/wall the was pretruding out and caused injury to her right arm which said area was not readily apparent to the causal observer. Plaintiff reported the injury to the flight attendant.

5. On or about said date at said times, Defendant was the owner, possessor and/or otherwise in control of and/or charged with the care and maintenance of said common areas and walkways; and on or about said date at said time, Defendant's airlines were open to the general public, and the general public was invited to Defendant's airlines.

6. When Plaintiff was injured at Defendant's airlines, Plaintiff was without any knowledge of the dangerous and unsafe conditions of Defendant's airlines.

7. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## COUNT II - NEGLIGENCE OF DEFENDANTS

8. Plaintiff realleges and incorporates by reference herein all of the preceding paragraphs as though more fully set forth herein.

2

9. On said dates at said times, a hazardous and dangerous condition existed on the airlines of the Defendant, previously desribed herein, which was caused to be in existence as the result of the negligence of the Defendant; the hazards described herein were not readily apparent upon casual inspection and was unreasonably dangerous and effectively unavoidable.

10. On or about said date at said time, Defendant, its agents, servants, and/or employees owed duties to Plaintiff to maintain Defendant'sairlines as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

   A. After knowing of the dangerous and hazardous conditions existing on Defendant'sairlines, Defenant failed to correct same and/or warn of the dangerous conditions.

   B. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant's airlines.

   C. Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendant, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

   D. Failed to instruct all of its agents, servants and or employees on the proper care and maintenance of its airlines, and/or in the reporting of dangerous and/or hazardous conditions on Defendant's airlines.

   E. Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant's airlines.

   F. Failed to provide a safe and suitable place for those who encountered Defendant's airlines to walk safely.

   G. Failed to construct the airlines in a manner suitable and safe under the circumstances.

   H. Failed to obtain and provide the adequate and proper maintenance and inspection of Defendant's airlines so that same would be in a reasonably

        safe condition for Defendant's invitees and all others who encountered Defendant's airlines.

I. Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendant's airlines so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendant's airlines.

J. Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendant's airlines are located and the common law in such case made and provided.

K. Others to be determined as discovery reveals.

11. Plaintiff sustained personal injuries as a direct and proximate result of Defendant's negligence as alleged herein.

12. As a direct and proximate result of the negligence of Defendant as aforesaid, the injured Plaintiff sustained:

A. Severe bodily injuries to her back and the right side of her body, which were painful, disabling and necessitated medical care.

B. Shock and emotional damage.

C. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

D. Inability to attend to the Plaintiff's usual affairs and render services as formerly.

E. Hamperment in the enjoyment of the normal pursuit of life as before.

F. Injuries which are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

G. Others to be determined as discovery reveals.

13. As a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, the Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

14. As a direct and proximate result of the negligence of Defendant, Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required to expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries sustained.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Judgment against the Defendant, and award damages in whatever amount Plaintiff is found to be entitled; and for the penalties and Plaintiff's actual attorney fees, as provided for by statute, plus interest and costs.

Respectfully submitted,

Law Offices of Brian E. Muawad, P.C.

BRIAN E. MUAWAD (P 41209)
Attorney for Plaintiff

Dated: May 25, 2023