UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMASENIA WESTON, an individual,

    Plaintiff,                                    Case No. 2:23-cv-11540-SJM-CI

v.                                                Hon. Stephen J. Murphy III

SPIRIT AIRLINES, INC.,              Mag. Judge Curtis Ivy, Jr.
a foreign corporation,

    Defendant.
_____/

**DEFENDANT SPIRIT AIRLINES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its answer to Plaintiff's Complaint:

## COUNT I - GENERAL AVERMENTS

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

2. Defendant, is an entity which regularly conducts business or owns property in the County of Wayne and State of Michigan, and/or which is otherwise authorized to do business in the County of Wayne in the State of Michigan, and

1

127806035

allows passengers to board and conduct business wherein the cause of action complained of arose.

**ANSWER: Denied as stated. Admitted that Spirit operates as a commercial air carrier out of Detroit Metropolitan Wayne County Airport (DTW).**

3. The incident complained of herein occurred on the Defendant's airlines, at the address indicated herein, in the County of Wayne, State of Michigan on or about July 29, 2021.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

4. On the time and date aforesaid, the Plaintiff was an invitee of Defendant's airlines and was injured on the Defendant's plane when Plaintiff boarded the airlines when on July 29, 2023 she boarded a flight to Las Vegas. As a result Plaintiff had to wait on the landing strip as they were waiting for another plane to exit the gate. As Plaintiff walked to the front of the plane, the plane jarred and Plaintiff was injured by a sliver sharp metal object on the plane/wall the was protruding out and caused injury to her right arm which said area was not readily apparent to the causal observer. Plaintiff reported the injury to the flight attendant.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

5. On or about said date at said times, Defendant was the owner, possessor and/or otherwise in control of and/or charged with the care and

maintenance of said common areas and walkways; and on or about said date at said time, Defendant's airlines were open to the general public, and the general public was invited to Defendant's airlines.

**ANSWER: The allegations in this paragraph 5 state legal conclusions, not allegations of fact, and/or allegations that mischaracterize the duty to which no response is required. However, to the extent any duty was owed by Spirit, none was breached; accordingly, denied.**

6. When Plaintiff was injured at Defendant's airlines, Plaintiff was without any knowledge of the dangerous and unsafe conditions of Defendant's airlines.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

7. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

**ANSWER: Spirit states that the Court has subject matter jurisdiction under 28 U.S.C. §1332 since there is complete diversity of citizenship between Plaintiff, on the one hand, and Spirit, on the other hand, and because Plaintiff has alleged damages in excess of $75,000. However, Spirit denies any liability for such alleged damages and denies the alleged value of Plaintiff's claimed damages.**

## COUNT II – NEGLIGENCE OF DEFENDANTS

8. Plaintiff realleges and incorporates by reference herein all of the preceding paragraphs as though more fully set forth herein.

**ANSWER: Spirit incorporates by reference its answers to paragraphs 1 through 7 above.**

3

127806035

9. On said dates at said times, a hazardous and dangerous condition existed on the airlines of the Defendant, previously described herein, which was caused to be in existence as the result of the negligence of the Defendant; the hazards described herein were not readily apparent upon casual inspection and was unreasonably dangerous and effectively unavoidable.

**ANSWER: Denied.**

10. On or about said date at said time, Defendant, its agents, servants, and/or employees owed duties to Plaintiff to maintain Defendant's airlines as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

> A. After knowing of the dangerous and hazardous conditions existing on Defendant's airlines, Defendant failed to correct same and/or warn of the dangerous conditions.
>
> B. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant's airlines.
>
> C. Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendant, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.
>
> D. Failed to instruct all of its agents, servants and or employees on the proper care and maintenance of its airlines, and/or in the reporting of dangerous and/or hazardous conditions on Defendant's airlines.

127806035

    E.      Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant's airlines.

    F.      Failed to provide a safe and suitable place for those who encountered Defendant's airlines to walk safely.

    G.      Failed to construct the airlines in a manner suitable and safe under the circumstances.

    H.      Failed to obtain and provide the adequate and proper maintenance and inspection of Defendant's airlines so that same would be in a reasonably safe condition for Defendant's invitees and all others who encountered Defendant's airlines.

    I.      Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendant's airlines so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendant's airlines.

    J.      Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendant's airlines are located and the common law in such case made and provided.

    K.      Others to be determined as discovery reveals.

**ANSWER: Denied, including subparts A.-K.**

11.    Plaintiff sustained personal injuries as a direct and proximate result of Defendant's negligence as alleged herein.

**ANSWER: Denied.**

12.    As a direct and proximate result of the negligence of Defendant as aforesaid, the injured Plaintiff sustained:

127806035

  A. Severe bodily injuries to her back and the right side of her body, which were painful, disabling and necessitated medical care.

  B. Shock and emotional damage.

  C. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

  D. Inability to attend to the Plaintiff's usual affairs and render services as formerly.

  E. Hamperment in the enjoyment of the normal pursuit of life as before.

  F. Injuries which are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity In the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

  G. Others to be determined as discovery reveals.

**ANSWER: Denied, including subparts A.-G.**

13. As a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, the Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

**ANSWER: Denied.**

14. As a direct and proximate result of the negligence of Defendant, Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required

to expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries sustained.

**ANSWER: Denied.**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Judgment against the Defendant, and award damages in whatever amount Plaintiff is found to be entitled; and for the penalties and Plaintiffs actual attorney fees, as provided for by statute, plus interest and costs.

**Answering Plaintiff's "WHEREFORE" clause following above paragraph 14, Spirit denies that Plaintiff is entitled to any recovery or relief, equitable or legal, including a money judgment, whatsoever from Spirit.**

**WHEREFORE, Defendant Spirit Airlines, Inc. respectfully requests that the Court dismiss Plaintiff's claims with prejudice and with costs, including but not limited to reasonable attorney fees to Spirit, as well as any other legal or equitable relief to which Spirit may be entitled.**

        Respectfully submitted,

        TAFT STETTINIUS & HOLLISTER LLP

        By: /s/ Scott R. Torpey
            Scott R. Torpey (P36179)
            Derek D. McLeod (P66229)
        *Attorneys for Defendant Spirit Airlines, Inc.*
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 48034
        (248) 351-3000
        (248) 351-3082 (Fax)
        storpey@taftlaw.com

Dated: June 30, 2023        dmcleod@taftlaw.com

127806035

## **AFFIRMATIVE DEFENSES AND/OR AVOIDANCE**

Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, states the following for its affirmative defenses and/or avoidances to the claims in Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because Spirit did not breach any duty owed to Plaintiff.

3. Spirit cannot be held vicariously liable for the negligent acts and/or omissions of any independent contractor or separate entity.

4. Federal law, including but not limited to the Airline Deregulation Act of 1978, 49 U.S.C. §§41713, *et seq.*, and any rules promulgated thereunder, and/or the Federal Aviation Act of 1958, 49 U.S.C. §§40101, *et seq.*, and any rules promulgated thereunder, preempts Plaintiff's state law claims in whole or in part and/or sets forth applicable standard(s).

5. To the extent Plaintiff brought her claims after expiration of the applicable statute of limitations and/or notice provisions contained in the contract of carriage and/or elsewhere, Plaintiff's claims are barred.

6. Plaintiff's claims are barred in whole or at least in part to the extent Plaintiff assumed the risk.

127806035

7. Plaintiff's claims are barred in whole or at least in part to the extent of Plaintiff's own negligence.

8. Plaintiff's claims are barred in whole or at least in part by the fault or negligence of third parties and/or nonparties.

9. Plaintiff's claims are barred in whole or at least in part by superseding and/or intervening events.

10. Plaintiff's alleged damages, if any, and Plaintiff's alleged injuries, if any, were the result of unrelated, preexisting, and/or subsequent conditions unrelated to Spirit's alleged acts or omissions.

11. There is no causal relationship between the injuries allegedly suffered by Plaintiff and Spirit's alleged acts or omissions.

12. Spirit asserts that Plaintiff failed to mitigate damages, if any. Accordingly, Plaintiff is barred in whole or in part from recovery.

13. Spirit asserts that if it is liable to Plaintiff, which liability Spirit expressly denies, then Spirit is entitled to a setoff for all settlements/benefits received by Plaintiff.

14. Spirit is not liable for Plaintiff's damages because it and its servants and agents took all measures that could reasonably be required to avoid Plaintiff's alleged injuries and damages.

15. Plaintiff's alleged injuries and damages were caused or contributed to

9

by negligence or other wrongful act or omission of Plaintiff; thus, Spirit is wholly or partially exonerated from any liability to Plaintiff to the extent that such negligence or wrongful act or omission caused or contributed to the alleged injuries or damages.

16. Plaintiff's Complaint is barred, in whole or in part, since the alleged facilities and/or premises at issue had no hazardous or dangerous condition alleged to have caused injury to Plaintiff and/or was not one that created an unreasonable risk of harm.

17. Plaintiff's Complaint is barred, in whole or in part, since Spirit had no notice of any hazards, risks, or liabilities associated with an alleged dangerous condition on the premises about which Plaintiff complains, nor was any alleged hazard or defect of which Plaintiff complains the nature or in existence of the duration that Spirit should have known of the existence of any hazards, risks, or liabilities associated with an alleged dangerous condition.

18. Plaintiff's Complaint is barred, in whole or in part, since any dangerous condition alleged by Plaintiff was not known to Spirit, nor did reasonable inspection of the premises uncover the hazard or defect alleged by Plaintiff.

19. Plaintiff's Complaint is barred, in whole or in part, because the complained of condition presents no "special aspects" under Michigan law.

127806035

20. Plaintiff's Complaint is barred, in whole or in part, because the complained of condition was open and obvious.

21. Affirmative defenses are those that are waived if not timely asserted in a responsive pleading. Therefore, Spirit reserves the right to amend its affirmative defenses, add to them, and/or delete those that no longer apply, up through and including trial.

WHEREFORE, Defendant Spirit Airlines, Inc. respectfully requests that this Court dismiss Plaintiff's claims with prejudice and with costs, including but not limited to reasonable attorney fees to Spirit, as well as any other legal or equitable relief to which Spirit may be entitled.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By: /s/ Scott R. Torpey
    Scott R. Torpey (P36179)
    Derek D. McLeod (P66229)
*Attorneys for Defendant Spirit Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@taftlaw.com
dmcleod@taftlaw.com

Dated: June 30, 2023

127806035

## DEMAND FOR TRIAL BY JURY

Defendant Spirit Airlines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury in the above-entitled cause on all issues so triable.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By: /s/ Scott R. Torpey
    Scott R. Torpey (P36179)
    Derek D. McLeod (P66229)
*Attorneys for Defendant Spirit Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@taftlaw.com

Dated: June 30, 2023    dmcleod@taftlaw.com

## CERTIFICATE OF SERVICE

I, Katherine M. Abrignani, state that I am an employee of Taft Stettinius & Hollister LLP, and that on June 30, 2023, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

/s/Katherine M. Abrignani
Katherine M. Abrignani

127806035